**IN THE UNITED STATES DISTRICT COURT**
**FOR THE DISTRICT OF MARYLAND**

| | | |
|---|---|---|
| MEGAN A. WILLIAMS, | * | |
| *Plaintiff,* | * | |
| v. | * | Civil Action No. RDB-24-1850 |
| GLOBAL PAIN MANAGEMENT, LLC, *et al.*, | * | |
| | * | |
| *Defendants.* | | |

\*     \*     \*     \*     \*     \*     \*     \*     \*     \*     \*     \*     \*

**<u>MEMORANDUM ORDER</u>**

In this case, Plaintiff Megan A. Williams brings three state-law medical malpractice claims against various care providers in relation to a bacterial infection she suffered beginning in April 2021. *See generally* (ECF No. 1). Specifically, she brings claims against three groups of Defendants: (1) Dr. Haddijatou Secka Ogunsola and Global Pain Management, LLC (collectively, "Global Pain Management Defendants"); (2) Dr. Aimee L. Maceda and Advanced Radiology, P.A. (collectively, "Advanced Radiology Defendants"); and (3) Baltimore Washington Medical Center, Baltimore Washington Emergency Physicians, Inc., Dr. Laura H. Olivieri, and Physician Assistant Allison M. Butler, (collectively, "BWMC Defendants") (collectively with Advanced Radiology Defendants and Global Pain Management Defendants, "Defendants").

Presently pending before this Court are numerous motions filed by the parties, including five unopposed motions to seal and Plaintiff's Partial Motion for Summary Judgment (ECF No. 82) as Supplemented (ECF No. 83) (collectively, "Plaintiff's Partial

1

Motion for Summary Judgment").[1]  The pending motions to seal include: (1) Motion to Seal by Global Pain Management and Dr. Ogunsola (ECF No. 74) ("Global Pain Management Defendants' Motion to Seal"); (2) Defendants' Motion to Seal (ECF No. 81); (3) Plaintiff's Corrected Motion to Seal (ECF No. 89); (4) Plaintiff's Motion to Seal Exhibits (ECF No. 92); and (5) Plaintiff's Corrected Motion to Amend or Correct Motion to Seal Exhibits (ECF No. 94).  The parties submissions have been reviewed, and no hearing is necessary.  *See* Loc. R. 105.6 (D. Md. 2025).  The unopposed Motions to Seal (ECF Nos. 74, 81, 89, 92, 94) are GRANTED.  Additionally, for the reasons set forth below, Plaintiff's Partial Motion for Summary Judgment (ECF Nos. 82, 83) is GRANTED.

In her Partial Motion for Summary Judgment (ECF No. 82), Ms. Williams seeks summary judgment as to Defendants' asserted affirmative defenses of contributory negligence and assumption of the risk.  *See generally* (ECF No. 82-4).  Specifically, she argues that Advanced Radiology Defendants and BWMC Defendants confirmed via electronic mail correspondence dated February 4, 2026, that "they do not intend to assert or pursue the defenses of contributory negligence or assumption of this risk at trial."  (ECF No. 82-4 at 4); *see also* (ECF No. 82 Ex. 5).  She further requests that the Court grant her Motion as to Global Pain Management Defendants because they advised her via electronic mail correspondence dated February 5, 2026, that they did not intend to raise such defenses.  (ECF No. 83 at 1 ¶ 1; ECF No. 83 Ex. 1.)  On February 17, 2026, Global Pain Management Defendants filed a Response (ECF No. 86) to Plaintiff's Motion for Partial Summary Judgment (ECF Nos. 82, 83), arguing

---

[1]  Also pending are: (1) Motion for Summary Judgment by Defendants Global Pain Management and Dr. Ogunsola (ECF No. 70); and (2) Defendants' Joint Motion for Partial Summary Judgment (ECF No. 75).  These motions are opposed and will be addressed by separate Memorandum Opinion.

that the Motion should be denied as moot because they do not intend to assert contributory negligence or assumption of the risk at trial. *See generally* (ECF No. 86).

A defendant bears the burden to present evidence or testimony to support an affirmative defense. *See Crowell v. Alford*, 2023 WL 5938829, at *4 (D. Colo. Sep. 12, 2023) (granting plaintiff summary judgment as to affirmative defense where defendant failed to offer supporting evidence). In this case, each Defendant asserted affirmative defenses of contributory negligence and assumption of the risk in their respective Answers. *See* (ECF No. 11 at 3; ECF No. 13 at 1, 2; ECF No. 30 at 12). It is now undisputed, however, that no Defendant intends to assert contributory negligence or assumption of the risk at trial, and no Defendant has offered evidence or testimony as to either affirmative defense. *See* (ECF No. 82 Ex. 1; ECF No. 83 Ex. 1; ECF No. 86). Nevertheless, only Global Pain Management Defendants have confirmed on the docket that they "do not intend to assert . . . contributory negligence and/or assumption of the risk at Trial." (ECF No. 86 ¶ 3.)

Where a plaintiff seeks summary judgment as to an affirmative defense that a defendant no longer intends to pursue, district courts either grant or deny as moot the plaintiff's motion. *See, e.g.*, *Hayes v. Deluxe Mfg. Operations, LLC*, 2018 WL 1461690, at *37 n.66 (N.D. Ga. Jan. 9, 2018) (denying as moot partial motion for summary judgment as to affirmative defenses defendant withdrew); *Romeo v. Antero Res. Corp.*, 2026 WL 883040, at *2 (N.D.W. Va. Mar. 31, 2026) (granting summary judgment as to affirmative defense where defendant sought to withdraw defense only in response to plaintiff's motion). District courts within the Fourth Circuit appear to favor granting partial summary judgment in such cases. *See Romeo*, 2026 WL 883040, at *2; *Bauwin v. SDH Servs. E., LLC*, 2022 WL 6267319, at *10 (D.S.C. July 29, 2022)

(granting summary judgment as to affirmative defenses withdrawn by defendant).   Here, Defendants asserted affirmative defenses of contributory negligence and assumption of the risk in their Answers and have not submitted any filings formally withdrawing them.[2] Accordingly, it is this 28th day of April 2026 HEREBY ORDERED that:

1. Global Pain Management Defendants' Motion to Seal (ECF No. 74) is GRANTED;

2. Defendants' Motion to Seal (ECF No. 81) is GRANTED;

3. Plaintiff's Corrected Motion to Seal (ECF No. 89) is GRANTED;

4. Plaintiff's Motion to Seal Exhibits (ECF No. 92), as corrected by Plaintiff's Corrected Motion to Amend or Correct Motion to Seal Exhibits, is GRANTED

5. Plaintiff's Corrected Motion to Amend or Correct Motion to Seal Exhibits (ECF No. 94) is GRANTED;

6. Plaintiff's Motion for Partial Summary Judgment (ECF Nos. 82, 83) is GRANTED;

7. The Clerk of this Court shall transmit a copy of this Memorandum Order to counsel of record in this matter.

/s/
_____
Richard D. Bennett
United States Senior District Judge

---

[2]  To the extent that Global Pain Management Defendants' Response (ECF No. 86) to Plaintiff's Motion is intended to withdraw these affirmative defenses, the timing of such withdrawal favors granting Plaintiff's Motion. *See Romeo*, 2026 WL 883040, at *2.